IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL L. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BUREAU of LAND MANAGEMENT,<br>et al.,<br><br>    Defendants. | Case No. 1:08-cv-00017-JWS<br><br>ORDER of DISMISSAL |

On September 19, 2008, Michael L. Nelson, representing himself, filed a civil rights complaint, purportedly on behalf of himself and his parents.[1] Because Mr. Nelson filed an application to waive the filing fee, the Court was required to screen the complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] In conducting its review, the Court was

---

[1] *See* Doc. 1 at 1 (naming as plaintiffs, "Michael L. Nelson, Martha Nelson & William Nelson Sr. Decedents").

[2] 28 U.S.C. § 1915(e)(2)(B).
C:\Documents and Settings\rcarter.AKDC-AD\Local Settings\Temp\notesD1E693\nelson dismiss.wpd

required to liberally construe Mr. Nelson's pleadings and give him the benefit of any doubt.[3]

The Court, therefore, explained the deficiencies in Mr. Nelson's initial complaint, and permitted Mr. Nelson to amend his complaint by October 24, 2008.[4] On October 31, 2008, when Mr. Nelson had not filed an amended complaint, the court dismissed his case.[5] Mr. Nelson then filed an amended complaint (without addressing the deficiencies in the initial complaint), and when the court informed him that his case was closed, he moved for reconsideration, claiming that he not received the orders granting the fee waiver and requiring an amended complaint. The motion for reconsideration was granted, and Mr. Nelson was allowed to file his amended complaint by January 5, 2009.[6]

---

[3] *See Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004) ("We construe the complaint liberally because it was drafted by a pro se plaintiff.")

[4] *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment.") (citation omitted).

[5] *See* Docs. 6, 7.

[6] *See* Doc. 13.

Instead, Mr. Nelson filed a motion to amend, in which he argued his case.[7] He was allowed one last chance to comply with the Court's initial Order to Amend,[8] and has filed a timely amended complaint.[9]

In his amended complaint, Mr. Nelson again complains of violations suffered by his parents, and complains of no injury to himself.[10] Without showing that he is an attorney permitted to practice law in this Court, however, Michael Nelson may not represent his parents, or anyone other than himself, in this action.[11] And because he has made no allegations against any of the defendants involving himself, he has failed to state a cause of action.

In addition, because Mr. Nelson filed his action more than nineteen years after the events complained of occurred, he was told that he must show grounds for tolling the two-year statute of limitations.[12] But, in his amended complaint, Mr. Nelson gave no explanation for the long delay in filing.

---

[7] *See* Doc. 14.

[8] *See* Doc. 15.

[9] *See* Doc. 16.

[10] *See id.*

[11] *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* D. Ak. LR 83.1(a)(1); Alaska Bar Rule 63; Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").The Alaska Bar Association does not list Michael Nelson as one of its members. *See* http://www.alaskabar.org/.

[12] *See* Doc. 5 at 4-10.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED with prejudice.[13]

DATED this 12th day of March, 2009, at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
United States District Judge

---

[13] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").